## STATE *v.* BUTTERFIELD LUMBER CO.

[60 South. 322.]

INDICTMENT. *Demurrer. Grounds. Specification. Code* 1906, *section* 754.

Under section 754, Code 1906, so providing, "the court shall not regard any defect or imperfection in the pleadings, except such as shall be assigned for causes of demurrer," and so a demurrer to an indictment or affidavit charging an offense must be specific and not general, in its terms. Specific objections to an indictment must in all cases be pointed out in such a manner as to advise the court of the exact point relied upon.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Action by the state against the Butterfield Lumber Company. From a judgment for the defendnat, the state appeals.

The facts are fully stated in the opinion of the court.

*Ross A. Collins*, for the state.

The Butterfield Lumber Company, a corporation operating a sawmill and plainng mill in the manufacture of lumber, was charged with violating the Labor Act of 1912 in working its employees more than ten (10) hours a day, not in a case of emergency, or where the public necessity required it.

There is a long demurrer consisting of eleven (11) grounds raising the question as to the constitutionality of this statute. The same questions are presented in this case that were presented in the case of *State* v. *Newman Lumber Co.*, decided by this honorable court. on Monday, November 18th, in which decision of the court the constitutionality and validity of this act was upheld. I, therefore, submit to the court that the judgment of the trial court in this case should be reversed and the cause remanded.

*Thos. Brady, Jr.*, and *Jones & Tyler*, for appellee, filed an elaborate brief too long for publication.

ON SUGGESTION OF ERROR.    OVERRULED.

For former opinion, see 60 South. 217.

REED, J., delivered the opinion of the court.

Appellee suggests that the court erred in holding that the affidavit in this case charges an offense under chapter 157, Laws 1912, as construed in the opinion rendered upon overruling the suggestion of error in the case of *State* v. *Newman Lumber Co.*, 60 South. 215. Appellee, therefore, now contends that the affidavit does not sufficiently charge the offense.

We do not find that this objection to the affidavit was made in the demurrer filed in the lower court by appellee. The ground that the affidavit charges no crime known to

the law is only general, and does not point out the specific
objection which appellee now raises to the affidavit.   A
demurrer to an indictment or affidavit charging an offense
must be specific, and not general, in its terms.   Specific
objections to an indictment must in all cases be pointed
out.   It will be noted that in section 754, Code of 1906,
it is provided that "the court shall not regard any defect
or imperfection in the pleadings, except such as shall
be assigned for causes of demurrer."   Where a pleading
is challenged as failing to meet the requirements of the
statute, such defect should be pointed out in such manner
as to advise the court of the exact point relied upon.   In
the present case there is a failure to so point out the specific
objection to the affidavit.

*Suggestion of error overruled.*