EDWARDS *v.* STATE.

(Division B. May 2, 1938.)

[180 So. 746. No. 33091.]

Earle L. Wingo, of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Griffith, J.**, delivered the opinion of the court.

Omitting the formal parts, the indictment charges against appellant, and another, that they "did then and there, wilfully, unlawfully, feloniously and of their malice aforethought assault and wound Leon Fuller, a human being, by then and there wilfully, unlawfully, feloniously and of their malice aforethought shoving the said Fuller from an automobile then and there traveling at a high rate of speed by then and there opening a door of said automobile to which the said Fuller was holding, with the unlawful, felonious intent and of their malice aforethought the said Fuller to kill and murder."

Appellant demurred to the indictment, assigning the following grounds, omitting the formal parts:

"1. The indictment is wholly insufficient in law to charge the crime of assault and battery with intent to murder.

"2. The indictment alleges no crime known to law.

"3. The indictment is insufficient and ambiguous, and is a conclusion of the pleader with respect to the crime sought to be charged."

Appellant complains that the indictment does not charge that the means or force used was likely to produce death; that the indictment should have charged not only that the appellant willfully, unlawfully, feloniously, and of his malice aforethought shoved said Fuller from the automobile then and there traveling at a high rate of speed, but, in addition thereto, should have alleged that such act was the use of such force as would likely produce death.

Under our criminal procedure, an indictment which contains as much of substance as the one here before us is not subject to a demurrer which is general in its terms. The grounds of demurrer must be specific and must definitely point out the particular defect which is challenged and in such manner as to advise the court of the exact point relied upon. State v. Lumber Co., 103 Miss. 286,

60 So. 322. It is obvious that the quoted demurrer does not conform to the rule, therefore it is ineffective to support the argument which appellant has made, or any other along similar lines.

We have examined the other assignments, as well as the entire record of the evidence. We are of the opinion that there is no reversible error.

Affirmed.